Many other objections of a purely technical character are made by defendant but we do not deem them, in the light of what we have already said, as being pertinent or as warranting further discussion.

We do not find in the record any error justifying a reversal of the judgment of the Municipal Court, and it is therefore affirmed.

*Affirmed.*

---

## Lord & Thomas, Appellee, v. Daisy K. Hahn, Executrix, Appellant.

### Gen. No. 20,272.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed with judgment here. Opinion filed November 15, 1915.

### Statement of the Case.

Action by Lord & Thomas, a corporation, plaintiff, against Daisy K. Hahn, executrix of the will and estate of Harry W. Hahn, deceased, defendant, in the Superior Court of Cook county, to recover on a contract with the Sanitary Drinking Cup Company, of which defendant's testator was secretary and treasurer, and whose contract he guaranteed. From a judgment for plaintiff, defendant appeals.

The guaranty is in the following words:

"Chicago, Nov. 15, 1911.

"Lord & Thomas,

"Gentlemen: I guarantee the acct. of the Sanitary Drinking Co. of Ills. to the maximum amount of twenty-five hundred dollars," and it is signed "Harry W. Hahn."

It is not denied that Lord & Thomas declined to enter into the contract with the Drinking Cup Company unless it was guarantied, and Hahn voluntarily offered to be the guarantor, and being secretary and treasurer of the company he was naturally interested in its success, and the scheme of advertising contemplated by the contract was at the time considered to be a means to bring about that end.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN and LOUIS BRANDES, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

GUARANTY, § 7*—*when sufficient consideration shown.* Where defendant's testator voluntarily guaranteed the account of a corporation, of which he was an officer, with another corporation, a sufficient consideration to support the guaranty is shown where it appears that such corporation refused to make the contract unless guaranteed, and executed the contract on the faith of the guaranty, and in such case it is not of controlling importance that the contract was executed before a written guaranty was signed, if executed on the faith of a promise to guaranty it, which promise was later fulfilled.

## Isaiah R. Clark et al., Appellees, v. Rosalie E. Selfridge et al., Appellants.

## Gen. No. 20,924.

1.  EQUITY, § 552*—*when failure to strike plea on striking affidavit of defense harmless.* While the better, long-continued and well-established practice is after striking the affidavit of defense to strike the pleas for want of a sufficient affidavit of defense, *held* not re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.